Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7696 | **DATE** | 6/24/2002 |
| **CASE TITLE** | Cecilia Donoghue vs. Lynn Doherty, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 27 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 02 JUN 26 PM 4:38 date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CECILIA DONOGHUE,

           Plaintiff,

v.

LYNN DOHERTY, in her official and individual capacities, **MICHAEL SCHWARTZ**, in his official and individual capacities, **and MICHAEL MORY**, in his official and individual capacities,

           Defendants.

Case No. 01 C 7696

Hon. Harry D. Leinenweber

FILED
JUN 24 2002
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
JUN 2 7 2002



## MEMORANDUM OPINION AND ORDER

Plaintiff Cecilia Donoghue ("Donoghue") brings this complaint against Lynn Doherty ("Doherty"), Director of the Department of Employment Security, Michael Schwartz ("Schwartz"), Director of the Department of Central Management Services, and Michael Mory, Executive Secretary of the Illinois State Employees Retirement System, for alleged discrimination based on her race and national origin as a Columbian national in violation of 42 U.S.C. § 1981(b). Before this Court is the Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). Defendants raise two issues in their motion: (1) Donoghue's § 1981(b) claim is time-barred due to a two-year statute of limitations, and (2) that the

*Rooker-Feldman* Doctrine precludes this Court from reviewing Donoghue's claim because of previous state court litigation involving the same set of facts.

**BACKGROUND**

Donoghue worked in a number of administrative positions during her nearly twenty-five years as an employee of the Illinois Department of Employment Security ("DES"). On October 7, 1997, either Doherty or Schwartz terminated Donoghue's employment. At the time of her termination, Donoghue was employed as a certified Employment Security Representative. Her position required extensive interaction, both in person and on the telephone, with unemployed members of the community seeking information or assistance from DES. Defendants assert her discharge was predicated on repeated violations of the DES Code of Ethics, specifically those pertaining to courtesy to clients and co-workers. Donoghue alleges she was singled out for discipline solely because of her "dark complexion."

Donoghue further avers that she verbally notified her supervisors at DES of her disabilities resulting from asthma, arthritis, and depression. She contends that because of her dark complexion, her supervisors failed to address her disabilities or make reasonable accommodations regarding these disabilities.

Prior to bringing suit in this Court, Donoghue fully exhausted both her administrative and legal remedies at the state

level. At Donoghue's request, the Illinois Civil Service Commission ("CSC") reviewed her discharge and upheld her termination. Donoghue then filed suit in state court in May of 1998. Pursuant to the Illinois Human Rights Act, which excludes Illinois state courts from exercising jurisdiction over civil rights claims, the circuit court dismissed Donoghue's suit for lack of subject matter jurisdiction. See 775 ILL. COMP. STAT. 5/8-111(C) (1998). The appellate court affirmed the circuit court's ruling and the Illinois Supreme Court denied Donoghue's Petition for Leave to Appeal in December, 2001.

Donoghue brought suit in federal court on October 4, 2001, alleging that her termination and the failure of her supervisors to define and address her disabilities due to her dark complexion was an interference with her contract of employment in violation of § 1981(b). Although in state court Donoghue alleged violations under the Rehabilitation Act of 1973 (29 U.S.C. § 974 (1996)), the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq. (1996)), Americans with Disabilities Act (42 U.S.C. § 12101 et seq. (1996)), and Title VII fo the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq. (1996)), she does not do so in this Court. Now pursuing an alternative legal theory, Donoghue's federal complaint relies exclusively on alleged violations of § 1981(b).

## DISCUSSION

### Legal Standard

A motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits; the motion tests whether the plaintiff has properly stated a claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court can only properly dismiss a motion for failure to state a claim if it appears beyond doubt that the plaintiff cannot set forth any set of facts which would entitle the plaintiff to relief. *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). For the purposes of a motion to dismiss, the well-plead allegations of a complaint will be accepted as true. *Sampson v. Federal Republic of Germany*, 250 F.3d 1145, 1148 (7th Cir. 2001).

### Defendants' Motion to Dismiss

At issue in this case is whether Donoghue's cause of action, the interference and termination of her employment contract in violation of § 1981(b), is governed either by the Illinois two-year personal injury statute of limitations or the four-year statute of limitations from 28 U.S.C. § 1658. If Illinois two-year statute of limitations governs, Defendants' Motion to Dismiss will be granted because Donoghue's suit becomes time-barred. As a result, it fails to state a claim upon which relief may be granted. If the four-year statute of limitations applies,

Donoghue's claims survive, provided the alleged facts give rise to a claim not barred by the *Rooker-Feldman* Doctrine.

*Statute of Limitations for § 1981(b) Claims*

Section 1981 does not specify a statute of limitations. As a result, the statute of limitations for claims alleging violations of § 1981 is borrowed from the state's relevant law. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 662 (1987). Courts have used the forum state's statute of limitations governing personal injuries as it is considered the most analogous to employment discrimination. *Id.* at 661; *Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994). In Illinois there is a two-year statute of limitations for personal injury claims. 735 ILL. COMP. STAT. 5/13-202 (2000); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). However, Donoghue contends this Court should adopt the four-year statute of limitations provided for in § 1658 as adopted in *Adams v. R.R. Donnelley & Sons*, 149 F.Supp.2d 459 (N.D. Ill. 2001).

Congress established § 1658 in late 1990, which provided that "a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." This "catch-all" was meant to apply to Acts enacted after 1990 not containing their own statute of limitations. *Id.* at 461.

At the time of its passage, § 1658 was not applicable to § 1981, however. A year after the passage of § 1658, Congress passed the Civil Rights Act of 1991. Amongst the provisions of the new Act was a clarification of the phrase "to make or enforce contacts" contained in § 1981. Subsection (b) clarifies "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

The inclusion of the language in subsection (b) was a direct reaction to the United State's Supreme Court's holding in *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). In *Patterson*, the Court held that, generally, to "make and enforce contracts" did not include discrimination occurring after the formation of an employment contract. *Id.* at 176-77. This included, according to *Patterson*, post-formation discriminatory harassment or termination. *Id.* at 185. The holding in *Patterson* was not a bright-line, however, as the Court noted that certain post-formation discrimination could fall under § 1981 if it gave rise to a new and distinct relation between the employee and employer. *Id.*

Since the 1991 changes to § 1981, courts have yet to form a consensus regarding the appropriate statute of limitations. As aptly put in *Campbell v. National Railroad Passenger Corporation*

*(AMTRAK)*: "A review of the ways in which this pea has been split highlights the difficulty of the issue." 163 F.Supp.2d 19, 22 (D.D.C. 2001) (citations omitted). Although a number of courts in other circuits have examined the interplay between § 1658 and § 1981(b), the Seventh Circuit has yet to do so. In fact, only two of our sister courts within this circuit have directly addressed the issue, reaching conflicting results. *Hardin v. CNA Insurance Companies*, 103 F.Supp.2d 1091 (S.D. Ind. 1999)(deciding in favor of the personal injury two-year statute of limitations); *Adams*, 149 F.Supp.2d 459 (applying the four-year statute of limitations of § 1658).

In *Hardin*, Chief Judge Barker held that § 1658's four-year statute of limitations did not apply to claims arising under § 1981(b). *Hardin*, 103 F.Supp.2d at 1096. Due to the ambiguity in the phrase included in § 1658, "a civil action arising under an Act of Congress enacted," the court looked to the legislative intent of the Act. *Id.* at 1093. The court concluded that the four-year statute of limitation was meant to apply only to "claims-creating statutes." *Id.* at 1094 (citation omitted). Reconciling the legislative record and history behind the enactment of the Civil Rights Act of 1991 and the resulting changes to § 1981 -- specifically Congress' use of such language as "resorting" and "reaffirming" -- Chief Judge Barker concluded that the changes made were merely clarifications and *not* claims-

creating. Section 1981(b) was therefore governed by the Indiana's two-year personal injury statute of limitations. *Id.* at 1094-96.

By contrast, *Adams* applied the four-year statute of limitations in the consolidated suits brought by current and former African-American employees who alleged facial discrimination in violation of § 1981(b) and Title VII of the Civil Rights Act of 1964. Relying on the perceived plain meaning of § 1658, the court held that Congress' amendments to § 1981 defined "make and enforce contracts" so as to create new causes of action not previously enjoyed by plaintiffs prior to 1991. *Adams*, 149 F.Supp.2d at 461-64. Therefore, the court reasoned that claims falling under § 1981(b) were subject to the four-year statute of limitations provided by § 1658. *Id.* at 464.

The conflicting results of *Hardin* and *Adams* turn on whether the language of § 1658 is ambiguous. If ambiguous, the legislative history becomes determinative (i.e. *Hardin*). Otherwise, the plain meaning of the statutory language governs (i.e. *Adams*).

However, when *Adams* was decided there were clear indicators that the language of § 1658 was indeed not "unambiguous." *Id.* at 463. While reaching varying results, the majority of the courts faced with the issue applied the state's personal injury statute of limitations to § 1981 claims. *Id.* at 463. Outside of a few

states, *Adams* is unique in its application of § 1658's four-year statute of limitations. *See Id.*; *Campbell*, 163 F.Supp.2d 19 (applying a two-year statute of limitations); *Jones*, 2001 WL 864273, at *4 (indicating a preference for a two-year statute of limitations); *Davis v. Smithkline Beecham Corp.*, 2001 WL 1530365, at *2 (D.Del. November 28, 2001)(applying Delaware's two-year personal injury statute of limitations); *But see Turner v. National Railroad Passenger Corp.*, 181 F.Supp.2d 122, 126-30 (N.D.N.Y. 2002)(holding that § 1658's four-year statute of limitations *does* cover § 1981 claims).

Two circuit courts have directly ruled on the statute of limitations for § 1981(b) claims. The Third Circuit in *Zubi* held that the customary two-year statute of limitations applies. *Zubi*, 219 F.3d at 226. As in *Hardin*, the Third Circuit ruled the language of § 1658 was "ambiguous." *Id.* at 222. The court highlighted three different approaches taken by courts when faced with § 1981(b) claims. The first approach applies a four-year statute of limitations for claims arising under subsection (b). *Id.* The second approach, a variation on the first, applies the four-year statute of limitations not to all claims arising out of subsection (b), but only those claims not previously actionable under § 1981. *Id.* Favoring the third approach, the Third Circuit held that any Act of Congress, passed after December 1, 1990 that amends a statute in existence prior to December 1,

1990, results in "all claims accruing after passage of the amendment arise under an Act of Congress enacted *before* December 1, 1990." *Id.* at 222 (emphasis in the original). The effect holds § 1658's four-year statute of limitations inapplicable to claims arising under § 1981, a statute in existence since 1870. The Third Circuit choose the third approach over the first two "because the resulting uncertainties of application . . . would be inconsistent with Congress' wish to avoid unnecessary uncertainty." *Id.* at 225.

The Eighth Circuit later addressed the applicable statute of limitations for § 1981(b) in *Madison v. IBP, INC.*, 257 F.3d 780 (8th Cir. 2001). In *Madison*, an employee brought suit alleging racial and sex discrimination, harassment, retaliation, and constructive demotion in violation of Title VII and § 1981. Relying on the same legislative history examined in *Hardin* and the reasoning of the Third Circuit in *Zubi*, the Eighth Circuit held "the Civil Rights Act of 1991 was not the type of enactment Congress intended to include in the § 1658 four year limitations period and that the Iowa two year statute therefore applies to Madison's § 1981 claims." *Id.* at 798.

This Court follows the prudent approach taken by the Third and Eighth Circuits, as well as in *Hardin*, by continuing to use the state's personal injury statute of limitations. By holding § 1658's four-year statute of limitations inapplicable to claims

arising under § 1981(b), this Court (1)ensures continued certainty in the law, (2)maintains equity amongst plaintiffs, and (3)conforms with the intent of the Civil Rights Act of 1991.

Because Illinois' two-year statute of limitations for personal injury claims applies to § 1981(b), Donoghue's federal suit, filed four years after her termination from DES, is time-barred and therefore fails to state a claim upon which relief may be granted.

### *Rooker-Feldman Doctrine*

Because this Court grants Defendants' Motion to Dismiss on the grounds that Donoghue did not file her suit in a timely manner, we find it unnecessary to determine whether Donoghue's claim would otherwise be barred by the *Rooker-Feldman* Doctrine.

### **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: June 24, 2002