IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CECILIA DONOGHUE,

    Plaintiff,

v.

LYNN DOHERTY, in her official
capacity and individual
capacities; MICHAEL SCHWARTZ,
in his official and individual
capacities; and MICHAEL MORY,
in his official and individual
capacities,

    Defendants.

Case No. 01 C 7696

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' primary contention in support of dismissal is that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Alternatively, Defendants contend that dismissal is warranted according to principles of *res judicata* and collateral estoppel. For the reasons stated below, Defendant's motion is **granted** based on the *Rooker-Feldman* doctrine.

### I. FACTUAL BACKGROUND

Plaintiff Cecilia Donoghue (hereinafter, "Plaintiff") was discharged from her employment with the Illinois Department of

Employment Security (the "IDES") for exhibiting unprofessional conduct in the workplace, which violated the IDES Code of Ethics relating to courtesy to clients and co-workers. Plaintiff challenged the basis for her dismissal before the Illinois Civil Service Commission (the "ICSC"). The presiding administrative law judge (the "ALJ") found that Plaintiff's termination was justified, and the ICSC adopted the ALJ's recommendation that the grounds for Plaintiff's discharge be upheld.

Plaintiff then filed a complaint in the Circuit Court of Cook County seeking administrative review of the ICSC's decision, and further alleging that she was wrongfully terminated in violation of the Americans with Disabilities Act, the Rehabilitation Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act for discrimination on the basis of her national origin. The circuit court upheld the ICSC's finding that Plaintiff's discharge was justified based on her conduct. Plaintiff appealed that decision to the Illinois Appellate Court, which upheld the circuit court's ruling. Plaintiff also petitioned for leave to appeal to the Illinois Supreme Court, and for a writ of *certiorari* to the U.S. Supreme Court, both of which were denied.

Plaintiff then filed the instant action in federal court, alleging that Defendants wrongfully terminated her because of her national origin and failed to accommodate her disabilities, which

interfered with her contract of employment within the meaning of 48 U.S.C. § 1981(a). Plaintiff again alleges that her termination was not justified on account of her workplace conduct, and seeks reinstatement of her position with full seniority and all related fringe benefits, the same relief she sought in the state court litigation.

## II. **DISCUSSION**

In support of their motion, Defendants contend that the claims in Plaintiff's federal complaint are virtually identical to those raised in her state court complaint. Although Plaintiff identifies a new statute in her federal complaint, Defendants argue that Plaintiff is merely attempting to rehash the very same claims presented, and defeated, in the Illinois courts. Defendants thus contend that because Plaintiff had an opportunity to fully litigate her claims in an administrative proceeding and through the entire state court system, this Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine. The Court agrees.

The *Rooker-Feldman* doctrine stands for the proposition that lower federal courts lack jurisdiction to engage in appellate review of state-court determinations. *Taylor v. Fed. Nat'l Mortgage Assoc.*, 374 F.3d 529, 532 (7thc Cir. 2004)("[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court

that could have jurisdiction to review a state court judgment."). In applying the doctrine, the immediate inquiry is whether the Plaintiff seeks to set aside a state court judgment or whether she is, in fact, presenting an independent claim. *Id.* The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with the state court determinations. *Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001)(citing *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993)). If a claim is barred by the *Rooker-Feldman* doctrine, the federal court lacks subject matter jurisdiction and the case must be dismissed. *Id.* at 398.

Comparing the claims Plaintiff raised in her state proceedings with those raised in her federal complaint, it becomes patently obvious that the two sets of claims are identical, and that Plaintiff is merely seeking to circumvent the judgment of the state court. While Plaintiff invokes a different statute in her federal complaint, the fact remains that she is seeking the same relief based on the same set of allegations and operative facts. *See Manley*, 236 F.3d at 392 ("[Plaintiff's] effort to portray his injury – the loss of his job – as a federal civil rights violation not argued in state court is insufficient to overcome the *Rooker-Feldman* doctrine."). Indeed, Plaintiff's federal claims are again premised on the notion that the IDES terminated her without cause,

which would require a finding in this Court directly at odds with the Illinois state court's determination that Plaintiff's termination was justified based on her unprofessional conduct. This is precisely the kind of federal review of a state court judgment that *Rooker-Feldman* prohibits. *Id.* at 397.

Plaintiff argues in response that *Rooker-Feldman* does not apply because her injury stems from some other actor (namely, Defendants), and not from the state courts' decisions themselves. This contention is entirely without merit. To the contrary, Plaintiff's injury stems directly from the state court judgment upholding the IDES's decision to terminate her. *Id.* (Dismissing federal complaint based on *Rooker-Feldman* where the federal court would be required to review the state court's ruling that his termination was supported by the record).

As for Defendant's other grounds for dismissal based on *res judicata* and collateral estoppel, the Seventh Circuit has instructed that where *Rooker-Feldman* applies, lower courts have no power to address other affirmative defenses. *Taylor*, 372 F.3d at 535. Therefore, the Court will refrain from addressing Defendants' other arguments here.

In short, Plaintiff has had a full and fair opportunity to challenge her termination before the administrative board and through the entire Illinois court system. Her present federal

claims are simply an attempt to challenge the state court's decision to uphold her termination and are thus precluded by the *Rooker-Feldman* doctrine.

### III. CONCLUSION

For the reasons set forth herein, the Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

*[signature]*

Harry D. Leinenweber, Judge
United States District Court

Dated: February 6, 2006